## PHILLIPS v. BUSH.

1. FRAUDULENT REPRESENTATIONS: PARTIES. When A sold certain lands to B, making false and fraudulent representations as to the locality of the lands sold, and at the request of B, conveyed the same to C as security for the payment of an indebtedness from B to him, it was held, that in an action for damages for such fraudulent representation A was liable, and that B being the real party in interest, was the proper party plaintiff.

*Appeal from Marshall District Court.*

THURSDAY, JUNE 12.

THE plaintiff in his petition claims that defendant sold to him eighty acres of land, that he pointed out the same to plaintiff, and represented that the land he thus pointed out, was the same he was about to convey, and that he would insure it to be such. The deed for the land thus sold, was, at the request of plaintiff made to one E. E. Phillips, as plaintiff, wished to convey the land to said E. E. Phillips in security for a debt owing by him. It is now claimed by the plaintiff that thirty acres of the land sold was not a part of the land pointed out and insured by the defendant, that the thirty acre tract named in the deed is less in value than that intended to be conveyed. It is claimed that these representations were made in a false and fraudulent manner, and for the purpose of deceiving the plaintiff. The plaintiff claims the difference in the value of the land sold, and that which it was intended he should convey. To this petition defendant filed a demurrer which being sustained, plaintiff appeals.

*Henderson & Boardman* for the appellant.

*Brown & Mercer* for the appellee.

BALDWIN, Ch. J.—It is insisted upon by appellee that E. E. Phillips is the proper party plaintiff in this action; that

as the deed was made to him, he alone is the party to the contract, and is the only person that could complain. If it is true, as stated by the petitioner, that the title was taken in the name of E. E. Phillips, as security for a debt, then the plaintiff was the party to the contract. He is the one injured by the fraudulent representations of the vendor, as the land would revert to him after the debt secured thereby was paid. Again if the land is valueless the security is unavailing to the debtor. The defendant by his demurrer admits the allegations of the petition. If it is conceded that the land was deeded to E. E. Phillips at the request of plaintiff and only for a special purpose, and it is admitted that the sale was to plaintiff, we are unable to see why he is not the proper party to the suit.

The plaintiff alleges, however, that it was not a mistake by defendant, but that it was an intentional fraud on his part. If such was the case, he is, without doubt, liable.

The demurrer should have been overruled.

Reversed.