PHILLIPS v. BUSH.

*Appeal from Marshall District Court — Tuesday, June* 16.

REPORT OF REFEREE REVIEWED.

THE opinion of the Court was announced by —

COLE, J.—This case has once before been in this court upon an appeal from the judgments of the court below, sustaining a demurrer to the petition. This court then reversed that judgment and held that the petition contained such averments of false and fraudulent representations as to the location and quality of the land, in addition to the averment of parol warranty of such location and quality, as were sufficient to maintain an action. 15 Iowa, 64.

The case has since been tried by a referee who found the special facts proved to be, in substance, that there was a parol warranty, of the location and quality of the land, of which there was a breach to the plaintiff's damage of two hundred and forty dollars. There was no finding of fraud or false representations, and the evidence which is before us, very clearly negatives any such claim. The court rendered judgment upon the report of the referee and the defendant appeals.

The question as to whether an action can be maintained by a purchaser of land, who accepts a quit-claim deed, upon a parol warranty, as to the location and quality of the land thus sold and conveyed, is one which has not been decided by this court, and upon which it is probable we could not be united in opinion, and since the judgment must be reversed upon its merits, it becomes unnecessary to decide that question here.

The finding of facts by a referee is like the verdict of a jury, and in order to justify a court in setting it aside as being contrary to evi-

dence, it must be so manifestly against the evidence as to leave no well grounded doubt that it is so. A careful examination of all the evidence has satisfied us that there is not sufficient to sustain the report of the referee even in the appellate court. It would serve no useful purpose for us to review the evidence at length, and to show its insufficiency to support the judgment in this case. In brief, the case made is this: The plaintiff owned a pair of mares, variously estimated as worth from one hundred and fifty dollars to four hundred dollars, which he proposed to trade to defendant for eighty acres of land in Marshall county, which he had recently purchased at a mortgage foreclosure sale, but which he had never seen. The plaintiff wanted to go and see the land, but defendant told him that he knew nothing about the land, but if plaintiff could show him the corner of certain ten acres formerly owned by another, he could show him the forty acres which he owned, and about the location of which there was uncertainty; and thereupon plaintiff procured a boy to go with them and show the corner, which the boy did do, and defendant then showed his land as lying northeast from the corner, when in fact it was southwest from it. In walking over the land, the defendant said, "this is the land—it must be the land—I will insure it," &c. The plaintiff had doubts about the exact location of it, and afterwards talked with his neighbors about it, and said he would trade any how for one forty acres, about which there was no question, was worth more than his mares. It is also shown that the thirty acres, which is in dispute, and is claimed as having been shown as the land sold, was then worth from fifteen to twenty dollars per acre. There is not any sufficient showing that the plaintiff relied upon any parol warranty, or that defendant then intended to be or was understood as warranting the location or quality of the land he proposed to trade.

The report of the referee was for two hundred and forty dollars for plaintiff, and that too, while the proof, taking the average estimate, shows the consideration received for the whole eighty acres, the value of the mares, to have been less than that sum. The whole case shows the utmost good faith on the part of the defendant, and even less than ordinary commendation of his property which he was solicited to exchange, and an absence of actual warranty which was either made or received, and relied upon as such.

The judgment is therefore reversed, and the cause is remanded with instructions to set aside the report of the referee, and grant a new trial, costs of the District Court to abide the event, and the appellee to pay costs in this court.

*Brown & Mercer, Withrow & Smith* and *L. W. Griswold* for the appellants—*Henderson & Boardman* for the appellee.